IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-133-FL

| | | |
|---|---|---|
| DELORISE HANSLEY and JAMES HANSLEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| DEPARTMENT OF NAVY, OFFICE OF THE JUDGE ADVOCATE GENERAL | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on defendant's motion to dismiss. (DE 12). Plaintiff did not respond to the motion, and the time for response has expired. In this posture the issues raised are ripe for ruling. For the reasons that follow, the motion is granted.

## STATEMENT OF THE CASE

Plaintiffs initiated this action by a filing a petition to proceed in forma pauperis on July 23, 2019, seeking three million dollars in damages. The court reviewed plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e) and found that their claims, if any, arose from the Federal Torts Claims Act ("FTCA") and that those claims survived frivolity review.

Defendant filed the instant motion to dismiss plaintiffs' complaint on October 22, 2020, pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the court lacks subject matter jurisdiction over plaintiffs' claims. Defendant relies upon a document purporting to be plaintiff Delorise Hansley's administrative claim with defendant in support of its motion. Plaintiffs filed what the court construed to be a motion for extension of time to respond to defendant's motion,

(DE 16), which the court granted, directing response by January 7, 2021. Plaintiffs did not file a response to the motion.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiffs allege that while they lived in Jacksonville, North Carolina, specifically "Tawanna Terrace," the water there was contaminated. (Compl. (DE 7) at 2). Plaintiffs allege that this water contamination caused Plaintiff Delorise Hansley to miscarry on November 29, 1983, and, later, to have a hysterectomy, at the age of 32. These caused plaintiff Delorise Hansley severe depression. Plaintiff Delorise Hansley implies that either she or plaintiff James Hansley is a dependent of a veteran. (See id. ("I am appaulded [sic] the Department of the Navy think [sic] so little of dependents of veterans.")). Plaintiffs implicitly attribute the water contamination to defendant.[1]

## COURT'S DISCUSSION

A. Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac

---

[1] Defendant implies that plaintiffs were either veterans or family members of veterans stationed at Camp Lejeune, a Marine Corps base in Jacksonville, North Carolina, and that their claims arise from the same circumstances as the multidistrict litigation concerning various "service members and/or their family members . . . alle[gations] [that] they were exposed to toxic substances in the water supply while living at Marine Corps Base Camp Lejeune in North Carolina." See, e.g., In re Camp Lejeune N.C. Water Contamination Litig., 263 F. Supp. 3d 1318, 1325 (N.D. Ga. 2016).

R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.     Analysis

The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001) (citing 28 U.S.C § 1346(b)). The act "is a limited waiver of the government's sovereign immunity for injury or loss caused by the negligent or wrongful act or omission of government employees acting within the scope of their employment." Doe v. Meron, 929 F.3d 153, 161 (4th Cir. 2019).

However, "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of" the FTCA. 28 U.S.C. § 2679. Accordingly, "if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name.'" FDIC. v. Meyer, 510 U.S. 471, 476 (1994). The FTCA remedy allows liability solely for "[t]he United States," see 28 U.S.C. § 2674, and therefore defendant Department of Navy and its subsidiary Office of the Judge Advocate General have not waived sovereign immunity from plaintiffs' claims. The court, lacking subject matter jurisdiction, must dismiss those claims without prejudice. See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

In addition, and in the alternative, plaintiffs have not met their "burden of demonstrating jurisdiction and showing that none of the FTCA's exceptions apply," namely, the FTCA's "exception for claims 'based upon the exercise or performance or the failure to exercise or perform

a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" Wood v. United States, 845 F.3d 123, 127 (4th Cir. 2017) (quoting 28 U.S.C. § 2680(a)).  Accordingly, plaintiffs' claims are subject to dismissal without prejudice on this ground as well.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 12) is GRANTED.  Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of June, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge